### SAN ANTONIO & A. P. RY. CO. v. SCHENDEL.

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1913.)

RAILROADS (§ 425*) — INJURIES TO STOCK — NEGLIGENCE—PROXIMATE CAUSE.

Where a railroad company cast rocks on each side of a private crossing, rendering it difficult for animals, that negligence will not render it liable for the death of a horse, found dead near the crossing, where there was nothing to show that it had been killed by a train, or that the company's negligence caused the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1527–1533; Dec. Dig. § 425.*]

Appeal from Lavaca County Court; P. H. Green, Judge.

Action by Emil Schendel against the San Antonio & Aransas Pass Railway Company, begun in justice court and appealed by defendant to the county court. From a second judgment for plaintiff, defendant appeals. Reversed and rendered.

Patton & Schwartz, of Hallettsville, for appellant.

FLY, C. J. This is a suit for the value of a horse, alleged by appellee to have been killed, at a private crossing by a train, through the negligence of appellant. The allegation of negligence was that "the crossing at the time of the injuries hereinafter complained of was improperly, negligently, and carelessly constructed and maintained, and did not permit of the free and easy passage of cattle, horses, and other stock from part of said lands to the other part thereof." Appellant obtained a judgment in the justice's court for $150, which on appeal to the county court was reduced to $90.

It was shown that rocks had been thrown on each side of the crossing, which was a private one in a pasture, but no causal connection was shown to exist between the rocks and the death of the horse. There was no evidence that tended to show that the horse was killed by a train, except that he was dead near the crossing. No wounds, no blood, no broken bones, were shown to have existed. It may have been exceedingly wrong and improper for appellant to place rocks at or near the crossing to sustain its embankment, which rocks made it difficult for horses or cattle to cross, but that does not indicate that the rocks had anything to do with the death of the horse. Negligence that renders any one liable for damages must be the proximate cause of the injury.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit and pay all costs in this behalf expended.